IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TROY A. LUKENS, | ) Civil No.: 3:15-cv-00512-JE |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION |
| v. | ) |
| LARA MAUL, OFFICER KEMPLE, CHARLIE HALES, THE PORTLAND POLICE BUREAU, ROD UNDERHILL, DAN STATON, MULTNOMAH COUNTY SHERIFF'S OFFICE, COUNSELOR KRASNER, CHRISTIAN DAY, JAMIEL BROWN, MULTNOMAH COUNTY CORRECTIONS, and RONALD FISHBACK, | ) |
| Defendants. | ) |

Troy Lukens
2259 NW 5th St.
Gresham, OR 97030

    Plaintiff *Pro Se*

David N. Blankfeld
Multnomah County Attorney's Office
501 SE Hawthorne Boulevard, Suite 500
Portland, OR 97214

    Attorney for Defendant Brown

FINDINGS AND RECOMMENDATION – 1

JELDERKS, Magistrate Judge:

Plaintiff Lukens brings this civil rights action pursuant to 42 U.S.C. §1983. On April 27, 2015, the Court dismissed Plaintiff's action with the exception of his First Amendment retaliation claim against Defendant Jamiel Brown. The Court allowed Plaintiff 30 days in which to amend his Complaint. Plaintiff filed his Amended Complaint on May 29, 2015. By Order dated, June 8, 2015, the Court dismissed all claims and defendants in Plaintiff's Amended Complaint with the exception of the single claim against Defendant Brown.

Defendant Brown then moved for summary judgment. The Clerk of Court mailed Plaintiff a Summary Judgment Advice Notice and Scheduling Order setting a Response deadline for February 1, 2016. [Docket # 22] Plaintiff has not filed a Response. Defendant's motion is now before the Court and, for the reasons set forth below, the motion should be granted.

## Evaluating Motions for Summary Judgment

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's case. Id. When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial. Id. at 324.

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts concerning the existence of a factual issue should be resolved against the moving party. Id. at 630-31. The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477

FINDINGS AND RECOMMENDATION – 2

U.S. 242, 255 (1985). No genuine issue for trial exists, however, where the record as a whole could not lead the trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### Discussion

Defendant Brown is Plaintiff's former probation officer. In his Amended Complaint, Plaintiff contends that his Google email account was "hacked" and email was taken from it. Plaintiff alleges this was done in an attempt to frame him and make it appear he had absconded when he had not so that Defendants could move to dismiss two civil rights cases Plaintiff had pending in federal court.[1] He further alleges that when he filed an "internet crimes complaint" against Brown, Brown called the Oregon State Police with instructions to arrest Plaintiff. Plaintiff alleges that Brown's actions were in retaliation for lodging the complaint and/or were to stop Plaintiff from accessing the courts, "and interfere and oppress plaintiff for litigating in court as a pro se plaintiff." Am. Compl. ¶33.

Brown argues that Plaintiff fails to plead or argue the necessary elements of a First Amendment retaliation claim and fails to satisfy the heightened pleading standard for such a claim. Brown's arguments are well taken.

To succeed on a claim for First Amendment retaliation, a plaintiff must show that his speech was protected by the First Amendment, that the defendant's actions would chill an ordinary person from continuing in that activity, and that the defendant would not have taken the retaliatory action "but for" the protected conduct of the plaintiff. Hartman v. Moore, 547 U.S. 250, 260, 126 S.Ct. 1695 (2006) (citations omitted). Mendocino Envtl Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir.1999).

---

[1] The cases Plaintiff refers to in his Amended Complaint are Case No. 3:14-cv-00720-TC, a Petition for Writ of Habeas Corpus and Case No. 3:14-cv-00959-TC, which named numerous defendants, none of which was Jamiel Brown. Both cases were dismissed.

FINDINGS AND RECOMMENDATION – 3

Here, there is no evidence in the record that Brown had or expressed a desire to "chill" Plaintiff's speech or that there was a substantial causal relationship between Plaintiff's allegedly constitutionally protected speech and Brown's actions. In his deposition testimony, Plaintiff stated he "cannot say" whether Brown hacked his email account. Blankfeld Decl. Ex. 1, 4:23-25. During his deposition, Plaintiff also conceded that there was a legitimate reason for his arrest by the Oregon State police, unrelated to the allegedly hacked emails. He testified at his deposition that at the time of his arrest he was served with an arrest warrant for failure to register as a sex offender. Blankfeld Decl. Ex. 1, 5:19-6:2. Plaintiff's deposition testimony also reflects that he was largely motivated to pursue this action based on his belief that he might be killed otherwise; that he is engaged in "a war between heaven and hell" involving demons and time-travelling "gatekeepers" within the government; and that Defendant Brown "just happened to be one of the players in it." Blankfeld Decl. Ex. 1, 9:15-10:4; 13:19-22; 12:11-19.

In sum, the record contains no evidence from which a rational juror could conclude that Defendant Brown intended to retaliate against Plaintiff for engaging in protected speech. Accordingly, Defendant's motion should be granted and this action should be dismissed with prejudice.

## Conclusion

For the reasons set out above, Defendant's Motion for Summary Judgment (#20) should be GRANTED and a Judgment should be entered dismissing this action with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 25, 2016. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 6th day of April, 2016.

                                                  /s/ John Jelderks
                                       John Jelderks
                                       U.S. Magistrate Judge